**In re HARLOW FAY, INC., Debtor.**

**HARLOW FAY, INC., Appellant,**

**v.**

**FEDERAL LAND BANK OF ST. LOUIS, Appellee.**

**No. 91–1199.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 18, 1991.

Decided Dec. 17, 1991.

William L. Needler, Ogallala, Neb. and Jackie Bailey, Marceline, Mo., for appellant.

Charles E. Rendlen, III, Hannibal, Mo., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Harlow Fay, Inc. (debtor), appeals from the judgment of the District Court[1] for the Eastern District of Missouri dismissing its bankruptcy appeal for failure to timely file a brief. For reversal, debtor argues that the district court abused its discretion in

---

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

refusing to excuse the untimely filing on the ground of "excusable neglect." We affirm.

On appeal from the bankruptcy court's dismissal of debtor's Chapter 11 petition, the district court notified debtor that its brief was due on February 23, 1989. The district court granted an extension to March 13, and another to March 27. On March 27 debtor requested another extension to April 17. There is no indication that the district court ruled upon this request, but, in any event, debtor did not file its brief on April 17. On April 19 debtor submitted its fourth request for an extension of time, to the nonexistent date of April 31. On May 3 debtor lodged its brief with the court. The Federal Land Bank of St. Louis (FLB) moved to dismiss the appeal on the ground that debtor's April 19 request for additional time and its brief were untimely filed.

The district court denied debtor's request for additional time and dismissed the appeal on the ground that debtor failed to demonstrate "excusable neglect" under Bankr.R. 9006(b)(1), (2) and Fed.R.Civ.P. 6(b)(2). Debtor sought reconsideration on the grounds that (1) the district court erroneously stated that debtor had requested a transcript which was not a part of the designated record; (2) financial pressures had forced counsel to reduce his staff of attorneys, which resulted in errors; and (3) counsel continued to face problems due to his firm's relocation. The district court denied debtor's motion for the reasons previously stated, with the exception of the reference to the non-designated transcript.

Regardless of the difficulty debtor encountered in obtaining the bankruptcy transcript, debtor's April 19 request for an extension of time to file its brief was untimely, as was its May 3 filing. We therefore conclude that the district court did not abuse its discretion in denying the request for additional time on the ground that debtor failed to establish excusable neglect. *See Hanson v. First Bank,* 828 F.2d 1310, 1314–15 (8th Cir.1987) (abuse of discretion standard; employee turnover not excusable neglect under Bankr.R. 9006(b)(1)); *Clinks-*

*cales v. Chevron U.S.A., Inc.,* 831 F.2d 1565, 1569 (11th Cir.1987) (attorney's busy practice not excusable neglect under Fed. R.Civ.P. 6(b)). *Cf. Selph v. Council of Los Angeles,* 593 F.2d 881, 883 (9th Cir.1979) (confusion from moving law office not excusable neglect under Fed.R.App.P. 4(a)).

Accordingly, we affirm the district court's judgment dismissing debtor's bankruptcy appeal. We deny FLB's pending motion to strike and dismiss as moot its motion to dismiss.