no grounds to hold Beneficial in contempt or to stay its actions to foreclose the lien.

A separate order will be entered.

Brent T. Robinson, Ling, Nielsen & Robinson, Rupert, Idaho, for debtor.

Quentin M. Knipe, Meuleman, Miller & Cummings, Boise, Idaho, for creditor Idaho Const. Co. Inc.

**In re EARTH ROCK, INC., d/b/a Earth Rock Construction, Debtor.**

**Bankruptcy No. 92–00885.**

United States Bankruptcy Court, D. Idaho.

April 23, 1993.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Bankruptcy Judge.

*Background.*

This matter is before the Court after a hearing on a Motion to Extend Time to File Claim filed herein by creditor Idaho Construction Co., Inc. ("Creditor"). The relevant facts, coming primarily from the affidavit of Creditor's vice-president, are not disputed, and may be stated briefly.

In April, 1991, Creditor, as prime contractor, entered into a subcontract with Debtor, on a Boise construction project. In December, 1991, Creditor notified Debtor it was in default under the subcontract, and if not remedied, Creditor would take over the project and bill Debtor for any costs incurred in completing the contract. Debtor failed to cure the default and Creditor completed the project incurring about $130,000 in costs in excess of payments received.

On March 19, 1992, Debtor filed for relief under Chapter 11. Debtor listed Creditor in its schedules filed with this Court as holding a disputed claim. Under Section 1111(a) of the Bankruptcy Code and F.R.B.P. 3003(c)(2), Creditor was therefore required to file a proof of claim with the Clerk of the Court if it desired to participate as a creditor in this case. The Section 341(a) meeting of creditors was held on May 19, 1992, and under Local Bankruptcy Rule 401(a), the last day for filing proofs of claim was August 17, 1992. The notice mailed to Creditor by the Clerk in this case on March 23, 1992, advised Creditor of the need to file a proof of claim and of the deadline for doing so. The notice also advised Creditor of the date set by the Court for a creditor's meeting in the case. Credi-

tor apparently admits receipt of the notice in a timely fashion.

Creditor obtained an attorney to represent it in the bankruptcy case. When Creditor inquired of the attorney whether any affirmative actions were necessary to protect its interests in Debtor's bankruptcy case, it was informed that he (the lawyer) was taking care of the matter and that nothing more need be done until the bankruptcy was terminated. Evidently, because Creditor had received large payments on the contract, its attorney felt that an offset may be claimed by Debtor. Creditor concedes that the attorney therefore specifically advised it not to file a proof of claim in the bankruptcy case, and consequently none was filed.

Creditor retained another law firm in March, 1993. On April 1, 1993, the present motion was filed.

*Discussion of the Issues.*

F.R.B.P. 3003(c)(3) provides that "[t]he court shall fix and for cause shown may extend the time within which proof of claim or interest may be filed" in Chapter 11 cases. L.B.R. 401 implements this Rule, and sets the deadline for filing proofs of claim at ninety days from the first date set for the creditor's meeting in a Chapter 11 case in this district. The Local Rule also incorporates the Court's ability to extend this deadline for cause shown. L.B.R. 401(b).

Conveniently, the United States Supreme Court a mere month ago decided a case concerning issues very close to the matter now before the bar. In that decision, *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, — U.S. —, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Court reviewed the appropriate legal standard and factual circumstances under which a proof of claim may be filed after the bar date in Chapter 11 cases. In its decision, the Court holds that the issue is controlled by F.R.B.P. 9006(b)(1) which "empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline 'was the result of excusable neglect.'" *Id.* at ———, 113 S.Ct. at 1491–92. Specifically, the Court decided that an attorney's inadvertent failure to timely file a proof claim can constitute excusable neglect under the rule. The Court's analysis is, of course, instructive here.

■ As an initial matter, the Court determined that in order to allow the late filing, the failure to timely file must be a result of "neglect". It construes this term by explaining:

> "[t]he rule grants a reprieve to out-of-time filings that were delayed by 'neglect.' The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *especially through carelessness.*' Webster's Ninth New Collegiate Dictionary 791 (1983). The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.... Hence, by empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."

*Id.* at ——, 113 S.Ct. at 1494–95. The notion of neglect for purposes of this issue is therefore a flexible, elastic concept encompassing a broad variety of potential conduct.

This first point is particularly pertinent to Debtor's argument in this case that because Creditor's counsel made a deliberate decision to refrain from filing a proof of claim, the conduct cannot be excused under the Rule. Creditor, through its new counsel, argues that while the decision was a conscious one, the decision was also a "bad one" and therefore clearly negligent.

Deciding whether a decision to file a proof of claim constitutes a careless mistake in professional judgment or something else is, naturally, an exercise in hindsight. What at the time may seem a correct

course of action in light of later analysis may seem inappropriate. On this record, the Court cannot conceive of why if Creditor intended to collect on its claim against Debtor that the decision to not file a proof of claim in the Chapter 11 case aided in that process. However, considering the instruction of *Pioneer Investment,* the Court should not hold, as Debtor urges, that as a matter of law there can be no "excusable neglect" in this case.

The more important question, it seems to the Court, is whether Creditor's neglect in failing to file a claim is "excusable" as required by the Rule. On this issue, the Supreme Court noted:

"It is this requirement that we believe will deter creditors or other parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under Rule 9006(b)(1). With regard to determining whether a party's neglect of a deadline is excusable, we are in substantial agreement with the factors identified by the Court of Appeals. Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable", we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. There is one aspect of the Court of Appeals' analysis, however, with which we disagree. The Court of Appeals suggested that it would be inappropriate to penalize [the creditors] for the omissions of their attorney, reasoning that 'the ultimate responsibility of filing the ... proofs of claim rested with [creditors'] counsel.' The court also appeared to focus its analysis on whether [the creditors] did all they reasonably could in policing the conduct of their attorney, rather than on whether their attorney, as [the creditors'] agent, did all he reasonably could to comply with the court-ordered bar date. In this, the court erred."

*Id.* at ———–———, 113 S.Ct. at 1498–99. (citations omitted) The Court went on to reason that since the creditors voluntarily chose their attorney as their representative, that they could not avoid the consequences of the acts or omissions of that agent, emphasizing that "in determining whether [the creditors'] failure to file their proofs of claim prior to the bar date was excusable, the proper focus is upon whether the neglect of [the creditors] and their counsel was excusable." *Id.* at ———, 113 S.Ct. at 1499.

■ Applying the various factors mentioned in *Pioneer Investment* to the facts of this case makes for a truly difficult decision for the Court.

On the one hand, Debtor concedes there would be little, if any, prejudice to the Debtor if the proof of claim were to be allowed as timely. In fact, Debtor's proposed disclosure statement filed after the bar date had expired contains a specific discussion of the contract with Creditor and continues to list Creditor as the holder of a disputed claim. The Debtor's proposed plan treats all unsecured creditors in the same fashion, and consideration of Creditor's claim would not necessarily alter that treatment. It appears that the filing of a proof of claim by Creditor will not delay Debtor's reorganization proceedings in any significant regard.

On the other hand, there was a delay of almost eight months between the bar date and the filing of Creditor's motion in this case. Such a lengthy delay suggests a severe lack of diligence on the part of both Creditor and its counsel in getting this issue before the Court.

Similarly, the reason for such delay is solely the result of the decisions made by Creditor's former counsel. This is not a case where the proof of claim was not filed for reasons beyond the control of the creditor.

In *Pioneer Investment,* the Supreme Court criticized the fact that the notice of the bar date may have been buried in the

"boilerplate" of the initial notice sent out to interested parties by the Clerk. Such is also the practice in this District, and in this particular bankruptcy case. By contrast, as noted above, the Court has by local rule established a standard bar date in Chapter 11 cases, and those rules have been published to the practicing bar in this district and copies of the rules are available to counsel from the Clerk. Here, Creditor's lawyer possessed considerable practice experience in Chapter 11 cases in this Court. In addition, there is no allegation here that either Creditor or its lawyer lacked notice of the bar date.

While it is a close case, the Court concludes that the deadline for filing a proof of claim should be extended in favor of Creditor under these facts. Were there any substantial showing that Creditor's failure to file the proof of claim would result in any prejudice to Debtor's reorganization efforts, or otherwise delay the administration of the bankruptcy case, the Court's decision may well be different. Under different facts, a creditor's attorney's determination to not file a proof of claim may have dire consequences, but there is little interest to be served in depriving this Creditor of the right to participate in this case.

A separate order will be entered. This Memorandum constitutes the Court's findings of fact and conclusions of law. F.R.B.P. 7052.