**In re HARLOW FAY, INC., Debtor.**

**HARLOW FAY, INC., Appellant,**

v.

**FEDERAL LAND BANK OF ST. LOUIS, Appellee.**

No. 91–1199.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1993.

Decided May 21, 1993.

William L. Needler, Ogallala, NE, for appellant.

Charles E. Rendlen III, Hannibal, MO, for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

This case comes before us on remand from the United States Supreme Court. In *In re Harlow Fay, Inc.*, 951 F.2d 175, 176 (8th Cir.1991) (per curiam) (*Harlow*), we held that the district court[1] did not abuse its discretion in denying the request of Harlow Fay, Inc. (debtor) for additional time to file a brief on the ground that debtor had failed to establish excusable neglect under Bankr.R. 9006(b)(1). In *Pioneer Invest. Services v. Brunswick Assoc. Ltd. Partnership,* — U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (*Pioneer*), the Supreme Court recently expanded on what constitutes "excusable neglect" under Bankr.R. 9006(b)(1). The Court granted certiorari, vacated our decision in *Harlow,* and remanded for reconsideration in light of *Pioneer. Harlow Fay, Inc. v. Federal Land Bank,* — U.S. ——, 113 S.Ct. 1809, 123 L.Ed.2d 441 (1993). For the reasons discussed below we again affirm the judgment of the district court.

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

## BACKGROUND

Debtor defaulted with respect to a confirmed Chapter 11 plan. Debtor was then ordered to submit a modification to its confirmed plan no later than December 6, 1988. Debtor failed to submit the modification on time. However, a week later, debtor attempted to file an untimely modification. On December 13, 1988, the United States Bankruptcy Court for the Eastern District of Missouri entered an order dismissing debtor's Chapter 11 petition.

On January 12, 1989, debtor appealed the dismissal of its bankruptcy petition to the district court. The district court notified debtor that its brief was due on February 23, 1989. On February 23, 1989, debtor filed a request for an extension of time in which to file its brief. The district court granted an extension to March 13, 1989. On March 7, 1989, debtor filed a second motion for a two-week extension to file its brief. The district court granted the motion, and gave debtor until March 27, 1989, to file its brief. On March 27, 1989, debtor filed yet another motion requesting an extension until April 17, 1989, to file its brief. There is no indication that the district court ruled upon this request. Nonetheless, debtor did not file its brief on April 17. On April 19 debtor submitted a fourth request for an extension of time, to the nonexistent date of April 31. On May 3 debtor lodged its brief with the court. The Federal Land Bank of St. Louis (FLB) moved to dismiss the appeal on the ground that debtor's April 19 request for additional time and its brief were untimely filed.

On May 5, 1989, the district court denied debtor's request for additional time and dismissed the appeal on the ground that debtor failed to demonstrate "excusable neglect" under Bankr.R. 9006(b)(1), (2) and Fed.R.Civ.P. 6(b)(2). Debtor sought reconsideration in district court on the grounds that: (1) the district court erroneously stated that debtor had requested a transcript which was not a part of the designated record; (2) financial pressures had forced counsel to reduce his staff of attorneys, which resulted in errors; and (3) counsel continued to face problems due to his firm's relocation. The district court denied debtor's motion for the reasons previously stated, with the exception of the reference to the non-designated transcript. This appeal followed.

## DISCUSSION

In *Pioneer*, the Supreme Court held that Bankr.R. 9006(b)(1) which authorizes courts in bankruptcy proceedings to accept late filings where failure to act is the result of "excusable neglect," contemplates that courts are permitted, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond a party's control." —— U.S. at ——, 113 S.Ct. at 1495. The Court also determined that "excusable neglect" under Fed.R.Civ.P. 6(b) is an " 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at ——, 113 S.Ct. at 1496, *citing* 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1165, at 479 (2d ed. 1987).

The Court in *Pioneer* further concluded that the determination as to what sort of neglect is considered excusable is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." —— U.S. at ——, 113 S.Ct. at 1498. However, the Court also determined that in analyzing a party's untimely filing, "the proper focus is upon whether the neglect of [the party] and their counsel was excusable." *Id.* at ——, 113 S.Ct. at 1499. Therefore, the outcome of this case turns on whether debtor's failure in timely filing its appeal brief was excusable.

On appeal debtor argues, as it did in its motion for reconsideration in the district court, that counsel's financial pressures beyond his control, counsel's relocation to Nebraska and the reduction in staff in counsel's office constituted excusable neglect for the untimely filing of its brief. Essentially, debtor argues that it should not be penalized for the omissions of counsel who was ultimately responsible for the timely filing of the brief.

After a careful analysis of the issues raised in *Pioneer*, we again hold that the district court did not abuse its discretion in dismissing debtor's appeal on the basis that debtor failed to establish excusable neglect. *Pio-*

*neer,* —— U.S. at ——, 113 S.Ct. at 1499 ("[W]e give little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date"); *Hanson v. First Bank,* 828 F.2d 1310, 1314–15 (8th Cir.1987) (abuse of discretion standard; employee turnover not excusable neglect under Bankr.R. 9006(b)(1)); *Clinkscales v. Chevron U.S.A. Inc.,* 831 F.2d 1565, 1569 (11th Cir.1987) (attorney's busy practice not excusable neglect under Fed.R.Civ.P. 6(b)). *Cf. Selph v. Council of Los Angeles,* 593 F.2d 881, 883 (9th Cir.1979) (confusion from moving law offices not excusable neglect under Fed.R.App.P. 4(a)).

Accordingly, we affirm the district court's judgment dismissing debtor's bankruptcy appeal and deny FLB's pending motion to strike and dismiss as moot its motion to dismiss.