# United States Bankruptcy Appellate Panel

**FOR THE EIGHTH CIRCUIT**

---

No. 98-6012NI

---

In re:                                          *
                                                *
RICHARD D. RAYMON,                              *
                                                *
              Debtor.            *
                                                *
INTERNAL REVENUE SERVICE,        *   Appeal from the United States
                                     *   Bankruptcy Court for the
              Appellant,             *      Northern District of Iowa
                                                *
v.                                              *
                                                *
RICHARD D. RAYMON,               *
                                                *
              Appellee.          *

---

Submitted: February 5, 1998
Filed: February 19, 1998

---

Before KRESSEL, WILLIAM A. HILL and SCHERMER, United States Bankruptcy Judges

SCHERMER, Bankruptcy Judge:

The United States of America, on behalf of the Internal Revenue Service (the "Service") appeals an order granting Debtor's Motion for Procedural Sanctions and limiting the Service's ability to admit certain evidence at trial on the Debtor's declaratory action to determine dischargeability of certain tax liabilities. Because we find that the Service's

Notice of Appeal was untimely, we hold that this court lacks jurisdiction to hear this appeal, and therefore, we dismiss the appeal.

This appeal arises out of a rather protracted dischargeabilty action filed by the Debtor to determine that certain tax liabilities had been paid and that any remaining tax liabilities were thereafter more than three years old on the date of filing the Debtor's bankruptcy petition. Thus, the Debtor asserted that such taxes were not excepted from discharge under 11 U.S.C. § 523(a)(1)(A). Throughout the bankruptcy litigation, the bankruptcy court scheduled and then granted continuances to the Service to meet various deadlines for production of tax-payment information requested by the Debtor. One year after the court's first order requiring the Service to produce the requested documents, the Debtor filed a Motion for Summary Judgment, or for Procedural Sanctions against the Service, seeking sanctions because the Service continued to delay in its compliance with discovery orders.

On December 23, 1997, the United States Bankruptcy Court for the Northern District of Iowa[1] entered an order granting Debtor's Motion for Procedural Sanctions against the Service and limiting the evidence the Service could admit at trial as a consequence for its failures to meet the various discovery deadlines. On January 5, 1998, the Service filed a Motion for Extension of Time to Appeal the December 23, 1997 Order. In its motion, the Service requested that the appeal deadline be extended through January 13, 1998.[2]

_____

[1] The Honorable Paul J. Kilburg, United States Bankruptcy Judge for the Northern District of Iowa.

[2] Interestingly, the Service acknowledged in its Motion to Extend Time that Rule 8002 of the Federal Rules of Bankruptcy Procedure controlled its appeal and that it believed the ten-day time period for appeals under Rule 8002 expired on January 3, 1998. In the prayer for relief of its

On January 5, 1998, the Debtor also filed a Motion to Reconsider or to Expand Findings of Fact with respect to the December 23, 1997 Order. The Debtor sought to have the court clarify or supplement its December 23, 1997 Order by addressing whether the

---

Motion to Extend Time, the Service requested that "the time for filing Appeal be extended for an additional ten days, from January 3, 1998 up to and including January 13, 1998." Yet, the Service did not file its Motion to Extend until January 5, 1998.

Service's failure to meet discovery deadlines was deliberate in light of the Debtor's allegations that the Service improperly altered certain documents.

On January 8, 1998, the bankruptcy court denied Debtor's Motion to Reconsider, and in a separate order of the same date, denied the Service's request for additional time to appeal, holding that the Service's request for additional time to appeal became moot as a result of the Debtor's Motion to Reconsider. Specifically, and in relevant part, the Order denying an extension of time to appeal stated:

> The United States on behalf of the Internal Revenue Service filed this Motion for Extension of Time for Appeal on January 5, 1998. On that same date, Plaintiff/Debtor Richard D. Raymon filed a Motion to Reconsider or to Expand Findings of Fact. Pursuant to Fed. R. Bankr. P. 8002(b), the time for appeal for all parties runs from the entry of the order disposing of Debtor's motion. As the 10-day time for appeal will now run beyond January 13, 1998, it is unnecessary to consider the IRS' Motion for Extension of Time for Appeal to January 13, 1998. Therefore the Motion is moot.

The Court entered its Orders of January 8, 1998 on January 13, 1998, and thereafter, on January 20, 1998, the Service filed its Notice of Appeal.

Bankruptcy Rule 8002(a) requires a notice of appeal to be filed within ten days of the date of entry of the judgment, order or decree appealed from. Once the time for filing an appeal has expired, "an appellate court is without authority to exercise its jurisdiction." Vogelsang v. Patterson Dental Co., 904 F.2d 427, 429 (8th Cir. 1990); accord Crockett v. Lineberger, 205 B.R. 580, 581 (B.A.P. 8th Cir. 1997). In this case, the Service filed its Notice of Appeal from the December

4

23, 1997 Order on January 20, 1998, clearly beyond the ten-day period for appeal under Bankruptcy Rule 8002(a). This court has recently addressed the issue of untimely appeals, and we have consistently held that we lack subject matter jurisdiction where a notice of appeal is untimely. See <u>Luedtke v. Nationsbanc Mortgage Corp.</u> (<u>In re Luedtke</u>), 215 B.R. 390, 391 (B.A.P. 8th Cir. 1997); <u>United States v. Henry Bros. Partnership</u> (<u>In re Henry Bros. Partnership</u>), 214 B.R. 192, 196 (B.A.P. 8th Cir. 1997); and <u>Crockett</u>, 205 B.R. at 581 ("Rule 8002(a)'s ten-day time frame is both 'mandatory

and jurisdictional.'" quoting Carnahan, Carnahan & Hickle v. Rozark Farms, Inc. (In re Rozark Farms, Inc.), 139 B.R. 463, 465 (E.D. Mo. 1992)).

Because the Service filed a Motion to Extend Time to File Appeal, however, we must consider whether that motion preserved the Service's otherwise untimely appeal.  Similarly, because the Debtor filed a Motion to Alter the judgment, we must also, and separately, consider whether the Debtor's Motion renders this appeal timely.

**The Service's Request for Extension of Time**

Under Bankruptcy Rule  8002(c), the bankruptcy court may extend the time for filing a notice of appeal for a period not to exceed 20 days from the time otherwise prescribed for appeal, but may do so only if such request is made before the time for filing a notice of appeal has expired.  See Hartford Casualty Insur. Co. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.), 214 B.R. 197, 199 (B.A.P. 8th Cir. 1997).  In this case, the Service made its request to extend the time for appeal of the December 23, 1997 Order on January 5, 1998. Under Bankruptcy Rule 9006(a), "[w]hen the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  Thus, the ten-day period for appeal, and the ten days within which to timely request an extension to appeal, expired on January 2, 1998.  The request to extend was, therefore, untimely.

Under Bankruptcy Rule 8002(c), the court may grant a request to extend the time for filing a notice of appeal even where the request is made after expiration of the ten-day appeal time, but the court may only do so upon a showing of excusable neglect. Fed. R. Bankr. P. 8002(c).  There is no

evidence in the record to support extension of the deadline because of excusable neglect.  See Harlow Fay, Inc. v. Fed. Land Bank of St. Louis (In re Harlow Fay, Inc.), 993 F.2d 1351, 1353 (8th Cir. 1993)(applying Supreme Court standard for excusable neglect announced in Pioneer Invest. Servs. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, (1993) and citing cases holding that employee turnover, attorney's busy practice, upheaval in law practice and confusion from moving law offices are not excusable

neglect (citations omitted)).  Thus, the Service's untimely Motion to Extend Time did not extend the appeal period.

**The Debtor's Motion to Alter**

The Debtor's Motion to Alter the December 23, 1997 Order also fails to aid the Service's appeal efforts because that motion too, was not filed within ten days of the December 23, 1997 Order.  Ordinarily, under Bankruptcy Rule 8002(b), a motion to alter or amend a judgment (as well as a motion for new trial or any similar motion specified in Rule 8002(b) (1) through (4)) suspends the time for appeal by all parties until disposition of the last of those post-judgment motions. Indeed, Bankruptcy Rule 8002(b)(4) states that a notice of appeal filed before disposition of a pending post-judgment motion is ineffective to appeal the challenged judgment until entry of an order disposing of the last of such motions.  See also  Design Classics, Inc. v. Westphal (In re Design Classics, Inc.), 788 F.2d 1384, 1385 (8th Cir. 1986) (holding that notice of appeal was not effectively taken where appeal was filed simultaneously with timely motion for reconsideration because when timely motion for reconsideration is filed, a notice of appeal filed prior to disposition of the motion to reconsider has no effect).

To suspend the time for appeal through a Rule 8002(b) post-judgment motion, however, it is essential that such motion itself be filed within ten days of entry of the order challenged.  In this case, because the Debtor filed its motion to alter the judgment on  January 5, 1998, three days after the ten-day deadline, the Debtor's motion did not suspend the time for appeal and cannot be a basis for asserting jurisdiction over this appeal.

8

For the foregoing reasons, this court lacks jurisdiction to entertain the Service's appeal, and this appeal is accordingly dismissed as untimely.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT