# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2124

_____

George Kaubisch, as the Guardian    \*
of Gregory Kaubisch,    \*
   \*
        Appellant,    \*
   \*    Appeal from the United States
      v.    \*    District Court for the
   \*    District of South Dakota.
Doug Weber, Warden; Sioux Valley    \*
Hospital Association, Inc.; also known    \*
as Sioux Valley Hospital; Dr. Ulises    \*
Pesce; John Doe,    \*
   \*
        Appellees.    \*

_____

Submitted: March 18, 2005
Filed: May 27, 2005

_____

Before MURPHY, HANSEN, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

George Kaubisch, as guardian for Gregory Kaubisch, sued Doug Weber, Sioux Valley Hospital, Dr. Ulises Pesce, and other unnamed persons under 42 U.S.C. § 1983 seeking damages arising from a beating Gregory Kaubisch received from another inmate in the South Dakota State Penitentiary. While the suit was pending, Gregory Kaubisch died from his injuries. After Gregory Kaubisch's death, George Kaubisch did not file a motion to substitute parties within ninety days as required by

Rule 25 of the Federal Rules of Civil Procedure. The district court[1] dismissed the complaint because George Kaubisch did not show excusable neglect for the failure to timely substitute. George Kaubisch now appeals the dismissal of his complaint. We affirm.

## I. *Background*

On April 26, 2000, Gregory Kaubisch was severely beaten by his cell mate. George Kaubisch, as guardian for Gregory Kaubisch, filed this § 1983 civil rights action seeking damages for the injuries Gregory Kaubisch suffered. Gregory Kaubisch died from the after effects of his injuries on November 8, 2002. On November 12, 2002, defense counsel served a Suggestion of Death under Rule 25(a)(1) on counsel for George Kaubisch giving notice of Gregory Kaubisch's death. On December 3, 2002, George Kaubisch was appointed personal representative for the estate of Gregory Kaubisch. On March 26, 2003, a motion to amend the complaint under Rules 15(a) and 15(b), or in the alternative, to add two defendants under Rule 19(a) was filed by George Kaubisch.

The motion to amend or add parties was preceded by a request from George Kaubisch to stipulate to the amendment. The defendants rejected the stipulation on February 11, 2003, on the grounds that the scheduling order deadline for adding parties and amending the pleadings expired in November 2002. George Kaubisch did not file a motion for substitution until April 26, 2003, well beyond the time allowed under Rule 25(a)(1). Each defendant filed a motion to dismiss the complaint. The district court granted the motions to dismiss finding that George Kaubisch had not

---

[1]The Honorable John E. Simko, United States Magistrate Judge for the District of South Dakota, presiding with the consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

shown excusable neglect for his failure to timely file the motion to substitute. George Kaubisch now appeals the dismissal of his complaint.

## II. *Discussion*

Rule 25(a) of the Federal Rules of Civil Procedure governs the substitution of parties after death, and provides that after death of a party, "the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties." Fed. R. Civ. P. 25(a)(2). Rule 25(a)(1) requires "the motion for substitution . . . [to be] made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death." Fed. R. Civ. P. 25(a)(1). The rule further provides that if the motion for substitution is not timely made, then the "action shall be dismissed as to the deceased party." *Id.* While the 90 day rule appears to be mandatory, Rule 6(b) authorizes the district court to exercise its discretion to permit a motion for substitution beyond the time originally prescribed when the failure to file the motion was the result of excusable neglect. *See* Fed. R. Civ. P. 6(b).[2]

George Kaubisch makes two arguments for reversal, both of which focus on the conduct of the defendants. First, he contends that in his amended complaint and stipulation thereto, he sought to make the proper party substitution and argues that because the defendants did not object to the substitution provision of the stipulation,

---

[2]There is a bit of history regarding the interplay between Rules 25(a) and 6(b). In *Anderson v. Yungkau*, 329 U.S. 482, 485–86 (1947), the Court held that Rule 6(b) did not override the express direction of action to be taken by the court under Rule 25(a)(1), that the complaint be dismissed for failure to substitute within the prescribed time. However, both Rules 6(b) and 25(a)(1) were amended in 1963 to alleviate the harsh effects of decisions such as *Anderson* and the Advisory Committee's Notes to the 1963 Amendments indicate that the revisions were intended to allow courts to extend the 90 day period in Rule 25(a)(1) pursuant to amended Rule 6(b). *See* Fed. R. Civ. P. 6, 25 advisory committee's notes.

they implicitly consented to the substitution as provided in the stipulation. George Kaubisch notes that his pleadings following the amended complaint listed him as personal representative of Gregory Kaubisch's estate rather than as personal representative of Gregory Kaubisch. This argument fails. The defendants did not sign any stipulation nor was a stipulation filed and made part of the record. When George Kaubisch's counsel later sought to amend the complaint by motion, counsel acknowledged that all defendants had rejected the stipulation. The record shows all defendants filed separate motions to dismiss for failure to substitute. George Kaubisch's argument that we should imply an agreement to the substitution is unsupported by the record.

Second, George Kaubisch argues that the 90-day period for filing a motion to substitute was not triggered because the defendants failed to properly serve the suggestion of death. George Kaubisch contends that under South Dakota law, the suggestion of death should have been served on George Kaubisch personally rather than upon his counsel because he is the personal representative of Gregory Kaubisch's estate. This argument has no merit. George Kaubisch was not appointed as personal representative until December 8, 2003, nearly a month after the suggestion of death was served on his counsel. Even assuming that the suggestion of death filed by the defendants failed to trigger the 90 day period, the district court's dismissal of George Kaubisch's complaint was not in error. The Advisory Committee Notes to Rule 25 provide that "a motion for substitution may be made by any party or by the representative of the deceased party without awaiting the suggestion of death." Fed. R. Civ. P. 25 advisory committee's notes. Furthermore, "a party interested in substitution under the amended rule should not assume that he can rest indefinitely awaiting the suggestion of death before he makes his motion to substitute." *Id.*

"The determination as to what sort of neglect is considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's

own omission.'" *In re Harlow Fay, Inc.*, 993 F.2d 1351, 1352 (8th Cir. 1993) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). George Kaubisch concedes, and we agree, that the misapplication or misreading of the plain language of Rule 25 does not establish excusable neglect. *See In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 515 (2d Cir. 1985) ("[t]he excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules"). We hold the district court did not abuse its discretion in failing to extend the time to file the motion for substitution.

## IV. *Conclusion*

We affirm the district court's dismissal of this case as to the deceased party.

_____