# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1979

———————————————

Aneta Lennartson; Top Law, PLLC

*Plaintiffs - Appellants*

v.

Brian J. Cristofono

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: December 21, 2021
Filed: January 27, 2022
[Unpublished]

——————————

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Aneta Lennartson and Top Law, PLLC appeal the district court's[1] dismissal of their bankruptcy appeal for failure to file an opening brief. On January 4, 2021, Appellants appealed an order from the bankruptcy court granting Brian Cristofono

———————————————

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

summary judgment.  Rule 8018(a)(1) of the Federal Rules of Bankruptcy Procedure requires that the appellant in a bankruptcy appeal "serve and file a brief within 30 days after the docketing of notice that the record . . . is available electronically."  On January 21, the clerk of the bankruptcy court docketed "notice that the record for this appeal is available electronically."  This notice was the fourth entry on the docket, and Appellants' counsel, Jeremy Cobb, would have received an email notification at the time it was docketed.  As a result, Appellants' opening brief was due by February 22.  Appellants never filed a brief, and accordingly, the district court issued an order to show cause why the appeal should not be dismissed.  In response to the order to show cause, Cobb contended that he was unaware of the due date "despite diligent efforts to ascertain it."  Cobb blamed the district court's staff and others for failing to tell him the due date.  The district court compared Cobb's response to his interactions with court staff and his behavior before the bankruptcy court.  Cobb repeatedly insisted that court staff give him legal advice and, on more than one occasion, hung up on court staff when they declined to do so.  The bankruptcy court ordered Cobb to issue a letter of apology to Appellee's counsel and participate in three hours of continuing legal education on the topics of professionalism and civility.  The district court also noted that Cobb received notice in the fifth entry on the docket that oral argument was set for April 26, and therefore, it should have been obvious to Cobb that his opening brief was due long before late March, as Rule 8018(a) contemplates a briefing schedule spanning over two months.  Further, though Cobb tested positive for COVID-19 in late January, he did not argue that he became symptomatic or that his illness prevented him from timely filing a brief.  In dismissing Appellants' appeal from the bankruptcy court, the district court attributed Appellants' failure to file a timely brief to Cobb's failure to review the docket and apply the plain language of Rule 8018(a)(1) to the plain text of a docket entry, which did not constitute "excusable neglect."

Following a careful review, we conclude that the district court did not abuse its discretion in denying an extension and dismissing the appeal.  See Smith v. Gold Dust Casino, 526 F.3d 402, 404-05 (8th Cir. 2008) (dismissal for failure to prosecute or failure to comply with court order is reviewed for abuse of discretion); In re

Harlow Fay, Inc., 993 F.2d 1351, 1352 (8th Cir. 1993) (district court's denial of request for extension of filing deadline in a bankruptcy appeal is reviewed for abuse of discretion).  Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

_____