**Donna R. FOSS, Personal Representative of the Estate of Gustave J. Foss, deceased, Appellee,**

v.

**UNITED STATES of America, Appellant.**

**No. 88–5152.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1988.

Decided Jan. 9, 1989.

Rehearing and Rehearing En Banc Denied March 8, 1989.

**179**

Murray S. Horwitz, Washington, D.C., for appellant.

Richard M. Gaalswyk, St. Paul, Minn., for appellee.

Before HEANEY and BEAM, Circuit Judges, and STUART,* Senior District Judge.

STUART, Senior District Judge.

Donna R. Foss, personal representative of the Estate of Gustave J. Foss (the Estate), brought this action for a refund of federal estate taxes claiming that the Estate had made a valid election for a special use valuation of farm property under 26 U.S.C. § 2032A which grants relief to the heirs of family farms who might otherwise find that valuation of inherited farm land at its "highest and best use" would produce such a large estate tax liability that it would be necessary to sell the farm to pay the tax. The matter was submitted to the district court on cross motions for summary judgment. The trial court found that a valid election had been made and denied the government's motion, granted the Estate's motion and ordered a refund of the entire amount of taxes paid, $153,329.32. The United States has appealed.

The issue before this court is whether the district court erred in holding that the estate qualified for the special use valuation of property under 26 U.S.C. § 2032A even though a notice of election and a recapture agreement[1] signed by the heirs were not attached to the estate tax return, as required.

Gustave J. Foss died August 9, 1981. The United States Estate Tax Return was filed on time. It was signed by G. Donald Foss, the estate's personal representative at that time, who was also the principal beneficiary of the farmland involved. Question 11 on the tax return, which asked: "Do you elect the special valuation explained in instruction 137," was answered "Yes." Question 11 also contained the following instructions:

If "yes" attach a statement that includes the information described in instruction 23. Also complete the schedule below.

The "schedule below" asked for the names, social security numbers, relationships and addresses "of all parties receiving any interest in the specially valued property." The schedule was complete except for the social security numbers.

The first paragraph of Instruction 13 states:

13. Special Section 2032A Valuation. If the personal representative elects the method of valuation authorized by section 2032A indicate the election in item 11 on page 2, and attach the statement and signed consent described below, the election creates a lien. Once made, the election is irrevocable. You must also attach an agreement in a form that is binding on all parties under applicable local law and that is signed by all parties holding any interest in the property to express consent to personal liability un-

---

\* The Honorable William C. Stuart, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. If the property subject to special use valuation is disposed of or otherwise ceases to be qualified use property within fifteen years after a decedent's death, an additional estate tax, referred to as recapture tax, is imposed, for which the qualified heir is personally liable.

26 U.S.C. § 2032A(c). To ensure payment, all parties with an interest in the property must expressly consent to personal liability for the recapture tax in a binding agreement, attached to a timely filed estate tax return. 26 C.F.R. § 2032A–8(c)(1).

*McDonald v. Commissioner of Internal Revenue,* 853 F.2d 1494, 1496 (8th Cir.1988).

der section 2032A(c) in the event of certain early dispositions of the property or early cessation of the qualified use.

The other paragraphs of Instruction 13 explain in detail the required information and the contents and purpose of the recapture agreement.

Neither the recapture agreement nor the Notice of Election were attached to or included with the estate tax return sent by the attorney for the estate. However, the cover letter stated that an election was being made for special valuation under Section 2032A and included appraisals at fair market values and special use values.

On August 24, 1982, the examining IRS agent discovered the notice of election and recapture agreement were not attached to the return and requested these documents. On September 13, 1982 they were submitted to IRS. On July 13, 1984, the IRS issued a statutory notice of deficiency. The estate paid the alleged deficiency and filed this refund suit for the entire amount paid.

The district court, relying on amendments to Section 2032A contained in the Tax Reform Act of 1986, determined that substantial compliance was sufficient to qualify for a special use valuation and that there had been substantial compliance in this case stating:

> The heirs had reached an agreement to make the election, the principal heir had filed for the election and the required agreement was submitted after the IRS requested it. The recent amendments to 2032A, liberalizing the requirements for a valid election, lead to the conclusion that under these facts a valid election was made.

After the briefs had been filed on appeal, this court handed down an opinion in *McDonald v. Commissioner of Internal Revenue*, 853 F.2d 1494 (8th Cir.1988) in which the question of substantial compliance sufficient to constitute a valid election was considered. Briefs discussing *McDonald* were requested.

In *McDonald,* the notice of election and the recapture agreement were attached to the Federal Estate Tax Return filed October 7, 1981. They were signed by the spouse of the decedent who would have become the owner of the farmland involved either as a joint tenant or as beneficiary under decedent's will. She was listed as the only person with an interest in the farmland on which a special use valuation was elected. However, on September 23, 1981, before the tax return was filed, the spouse had waived her interest in the farmland. As a result of this disclaimer, under North Dakota law, their three children took interests in the disclaimed property as of the date of the decedent's death. None of them had signed the Estate Tax Return, the notice of election or the recapture agreement.

In *McDonald* we held that the notice of election and recapture agreement filed with the original estate tax return did not satisfy the requirements of 20 C.F.R. § 20.2032A–8, *id.* at 1498 and that the amendments of 1984 and 1986 were to prevent Internal Revenue Service representatives "from using slight technical failures in a notice of election or recapture agreement to prevent otherwise qualified taxpayers from taking advantage of the special use provisions." We concluded that the omission from the recapture agreement of the signatures of all persons with an interest in the property is not the type of slight technicality envisioned by Congress. *Id.*

In an effort to distinguish *McDonald* on the facts, appellee argues that the version of form 706, the United States Estate Tax Return, used by the McDonald Estate includes on its face extensive instructions concerning the need to attach a notice of election and a recapture agreement and the required contents of those two documents. Whereas, the version of form 706 used in the Foss Estate does not include that information on its face. The form used by the Foss Estate merely states: "attach a statement that includes the information described in instruction 13." The Estate was represented by an attorney whose training should have lead him to an examination of instruction 13. The cases cannot be distinguished on the

basis urged by the Estate. The facts are different, but the statements of law in *McDonald* apply to this case.

Even if it is assumed that a distinction could be made because the instructions were not on the Foss Estate Tax form itself, such distinction would not aid the Estate here. It did not fail to furnish some of the information set forth in the separate instructions. The Estate failed to "attach a statement" that the form does call for on its face. The Estate need not look to the separate instructions to learn that it was required to attach a statement.

At least in *McDonald* the required notice and agreement were attached to the tax return even if they were not signed by the proper parties. Here, there were no required statements either signed or attached to the return. Although it may have been possible to glean the information required by instruction 13 from the return itself, nothing was filed with the return containing the substance of the recapture agreement or the principal beneficiary's consent to be personally liable for the recapture tax. This case is controlled by *McDonald v. Commissioner*, 853 F.2d 1494 (8th Cir. 1988) and the judgment of the district court must be reversed.

In its reply brief the Estate argues that the court's decision in *McDonald* was erroneous and, in effect, asks us to reverse *McDonald*. One panel of this Court cannot reverse another panel, even if it were inclined to do so. Such action requires an en banc decision. *N.L.R.B. v. Datapoint Corp.*, 642 F.2d 123, 129 (5th Cir.1981).

The district court's judgment is reversed.