**In re ROZARK FARMS, INC., Debtor.**

**CARNAHAN, CARNAHAN & HICKLE, Appellant,**

v.

**ROZARK FARMS, INC., et al., Appellees.**

Bankruptcy No. 86–00113–BKC–BSS. No. S91–0035C.

United States District Court, E.D. of Missouri, Southeastern Division.

March 19, 1992.

Carl J. Spector, Bryan Cave McPheeters & McRoberts, St. Louis, Mo., for plaintiff.

Melvin E. Carnahan, Carnahan Carnahan & Hickle, Rolla, Mo., Bruce D. Livingston, Jim J. Shoemake, Guilfoil, Petzall & Shoemake, St. Louis, Mo., for defendants.

MEMORANDUM

LIMBAUGH, District Judge.

This cause is before the Court on an appeal from the United States Bankruptcy Court for the Eastern District of Missouri (hereinafter referred to as the Bankruptcy Court). Boatmen's Bank of Rolla, a creditor and party-in-interest, has filed a motion to dismiss contending that appellant Carnahan's appeal is improper and untimely, and therefore this Court lacks jurisdiction to review the Bankruptcy Court's order(s).

After reviewing the parties' pleadings, the Court finds the following procedural facts to be relevant to the disposition of this matter: On December 17, 1990, the Bankruptcy Court held a hearing regarding

the Carnahan Fee Application, and announced certain findings and conclusions from the bench. On December 21, 1990, the Bankruptcy Court issued a written order documenting its oral pronouncements from the bench. This written order allowed Carnahan an administrative claim for $3833.89 in expenses, but denied the balance of the claim for attorneys' fees. The December 21, 1990 written order was entered on the docket on January 2, 1991. Meanwhile, on December 27, 1990 Carnahan filed its first notice of appeal, citing the oral order of December 17, 1990; and Boatmen's Bank filed a motion to amend the written order of December 21, 1990. Both the notice of appeal and the motion to amend were docketed also on January 2, 1991. The motion to amend sought denial of the administrative fees as well as the attorneys' fees. On January 22, 1991 the Bankruptcy Court issued a written order granting Boatmen's motion to amend, thereby denying both Carnahan's administrative costs and attorneys' fees. The January 22, 1991 order was entered on the docket on January 23, 1991. On February 4, 1991 Carnahan filed a motion to amend the order of January 22, 1991 and an amended notice of appeal citing both the oral order of December 17, 1990 and the written order of January 22, 1991. On February 5, 1991 the Bankruptcy Court denied Carnahan's motion to amend. The February 5, 1991 written order was entered on the docket on February 6, 1991. On February 14, 1991 Carnahan filed a Statement of Issues on Appeal and a Designation of the Record on Appeal.

■ The bankruptcy rules are very specific as to the appellate process regarding decisions rendered by the bankruptcy courts. Bankruptcy Rule 8002(a) requires that a "notice of appeal be filed with the clerk within 10 days of the date of the entry of judgment, order, or decree appealed from." Under Bankruptcy Rule 8001(a), an appeal can only be taken from a final judgment, order or decree. An order is final and therefore appealable only after it has been entered on the docket of the bankruptcy case. Bankruptcy Rules 5003(a) and 9021. However, the time period for

filing a notice of appeal can be altered if any party files a timely motion "1) for judgment notwithstanding the verdict under Rule 9015; 2) under Rule 7052(b) to amend or make additional findings of fact ...; 3) under Rule 9023 to alter or amend the judgment; or 4) under Rule 9023 for a new trial ...". Bankruptcy Rule 8002(b). Bankruptcy Rule 8002(b) goes on to specifically state that "[a] notice of appeal filed before the disposition of any of the above motions shall have no effect; a new notice of appeal must be filed.".

■ Appellant Carnahan spends a considerable amount of time leading the Court through an exercise distinguishing among the finer points of when an order is "filed", "issued", or "entered". As enlightening as that might be, such distinctions are irrelevant to the issue at hand. Carnahan's two notices of appeal were premature by virtue of the motions to amend and consequently had no effect. The Bankruptcy Court's final appealable order regarding Carnahan's Fee Application was entered on the docket on February 6, 1991. Carnahan had ten (10) days, starting with February 7, 1991, in which to file its appeal. Instead, Carnahan filed a Statement of Issues on Appeal and a Designation of the Record on Appeal.

■ Bankruptcy Rule 8001(a) contains very specific requirements for a notice of appeal and addresses the consequences of failure of timely filing a notice of appeal. In pertinent part it reads:

"An appeal from a final judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal. The notice of appeal shall conform substantially to Official Form No. 35, shall contain the

names of all parties to the judgment, order, or decree appealed from and the names, addresses and telephone numbers of their respective attorneys ..."

Carnahan's Statement of Issues on Appeal and Designation of the Record on Appeal does not in any way conform to Official Form 35 or with Rule 8001(a). Carnahan argues, though, that the Court should accept these documents as the "functional equivalent" of a notice of appeal. Appellant relies on a few cases addressing the liberal interpretation of the appellate rules (governing civil cases in the district court) regarding the filing of a notice of appeal. Appellant fails to cite any caselaw which addresses whether or not the designation of issues and record on appeal, pursuant to Bankruptcy Rule 8006, can substitute as a notice of appeal pursuant to Bankruptcy Rule 8001(a). This Court finds such a proposition untenable under the Bankruptcy Rules.

The procedural requirements of taking a bankruptcy appeal are quite specific. Bankruptcy Rule 8001(a) explicitly states that the one step that an appellant must take in order to have a valid appeal, is to file a timely notice of appeal. The bankruptcy rules for filing a notice of appeal are mandatory and jurisdictional. Failure to file a timely notice of appeal deprives the district court of jurisdiction to review a bankruptcy court's final order or judgment. *In re Hopwood*, 124 B.R. 82, 87 (E.D.Mo. 1991); *Szostek v. Hart*, 123 B.R. 719, 720 (E.D.Pa.1991); *In re Frontier Airlines, Inc.*, 108 B.R. 277, 278 (D.Colo.1989); *In re Satellite Systems Corp.*, 73 B.R. 610, 611 (S.D.N.Y.1987); *Matter of Greis*, 73 B.R. 197, 204–205 (W.D.Mo.1987). Furthermore, an appellant must file a separate notice of appeal for each bankruptcy court final order or judgment with which the appellant disagrees. *In re Frontier Airlines* at 279; Bankruptcy Rule 8001(a) and 8002(b).

Carnahan proffers the Statement of Issues on Appeal and the Designated Record on Appeal as an acceptable substitute for a timely notice of appeal. Appellant reasons that these documents are the "functional equivalent" of a notice of appeal because they "adequately conveyed the information necessary for Boatmen's to understand that an appeal was being taken." Carnahan's Response, pg 11. Carnahan cites caselaw espousing this line of reasoning, including a recent United States Supreme Court case, *Smith v. Barry*, —— U.S. ——, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992). Appellant's argument is unpersuasive. These cases do not deal with the bankruptcy rules and in the *Smith* case, the appellant was a pro se prisoner unschooled in law and not familiar with the procedural requirements of filing a civil appeal. Appellant Melvin Carnahan is an attorney who represented the bankrupt estate before the Bankruptcy Court. The Court must presume that he is familiar with the bankruptcy rules and the procedural requirements of filing a notice of appeal. His two previous notices of appeal, although premature, were substantively adequate under the bankruptcy rules.

One court has addressed a similar argument by a group of appellees. In *Frymire v. PaineWebber, Inc.*, 107 B.R. 506 (E.D.Pa.1989), appellees attempted to perfect a cross-appeal (to the district court) despite failing to file a notice of appeal pursuant to Bankruptcy Rule 8002(a). They argued that their timely filing of a Counterstatement of Issues on Appeal and Designation of Additional Documents for Record on Appeal could substitute for the notice of appeal. *Frymire* at 513. The Court noted that Bankruptcy Rule 8006 permits a cross-appellant to file a counterstatement and designation of additional documents only after a [party] has filed a cross-appeal. *Frymire* at 514. "Since the filing of notice is a *prerequisite* to the filing of the counterstatement and designation of additional items, these items cannot substitute for the filing of notice." *Frymire* at 514. This finding is equally applicable to the filing of a notice of appeal by the appellant. Bankruptcy Rule 8006 makes the filing of a notice of appeal a prerequisite to the filing of the statement of issues and designation of record on appeal. It is clear that the Bankruptcy Rules do not view these documents as one and the same. They are separate documents

with different purposes intended to convey different information.

Appellant Carnahan failed to file a timely notice of appeal from the Bankruptcy Court's final order, regarding the fee application, entered February 6, 1991. This is a jurisdictional defect barring appellate review by this Court. Boatmen's motion to dismiss will be granted.