In re AMERICAN FREIGHT
SYSTEM, INC., Debtor.

AMERICAN FREIGHT SYSTEM,
INC., Debtor in-possession,
Defendant/Appellant,

v.

POINT SPÓRTING GOODS,
Plaintiff/Appellee.

No. 93–4110–SAC.
Bankruptcy No. 88–41050–11.
Adv. No. 90–7265.

United States District Court,
D. Kansas.

Aug. 24, 1993.

Kurt A. Stohlgren, Hillix, Brewer, Hoff-
haus, Whittaker & Wright, Kansas City,
MO, for American Freight System, Inc.

Anne L. Baker, Wright, Henson, Somers,
Sebelius, Clark & Baker, Topeka, KS, for
Point Sporting Goods, Inc.

## MEMORANDUM AND ORDER

CROW, District Judge.

On April 20, 1993, the bankruptcy court
issued an order granting American Freight
System, Inc.'s (AFS) motion for Rule 54(b)
certification. On May 4, 1993, the order
granting AFS's motion for a Rule 54(b)
certification was entered on the docket.
On May 4, 1993, AFS filed its notice of
appeal.

This case comes before the court upon
Point Sporting Goods, Inc.'s motion to dis-
miss this appeal. Point Sporting Goods
notes that under Bankruptcy Rule 8002(a),
"the Notice of Appeal shall be filed with
the clerk within 10 days of the date of the
entry of judgment, order or decree appeal-
ed from." Point Sporting Goods argues
that because AFS did not file its notice of
appeal within ten days of April 20, 1993,
the date the Rule 54(b) certification was
issued, this appeal is untimely and the
court must dismiss this appeal for lack of
subject matter jurisdiction.

AFS responds, arguing that it timely
filed its notice of appeal. AFS argues that
the ten-day time period does not run from
the date the Rule 54(b) certification was
filed, but instead runs from the date the
order was entered on the docket.

Point Sporting Goods did not file a reply.
However, the first page of Point Sporting
Goods' brief addressing the substantive is-
sues of this appeal apparently does not
concede this point. Point Sporting Goods'
brief still "contends that this court lacks
subject matter jurisdiction because of the
appellant's failure to file a timely notice of
appeal. If the notice was timely filed,
Point agrees with the appellant's statement
that this court has jurisdiction pursuant to
28 U.S.C. § 158." [1]

AFS' analysis of this issue is correct.

---

**1.** Rather than conceding that its motion to dis-
miss is without merit, Point Sporting Goods
continues to press an argument that is not
founded upon a reasonable basis in fact nor is
warranted by existing law. Point Sporting

Goods makes absolutely no attempt to explain
how AFS' plain reading of the applicable rules is
incorrect. Counsel is reminded of the obli-
gations imposed by Fed.R.Civ.P. 11.

Bankruptcy Rule 8002(a) requires that a "notice of appeal be filed with the clerk within 10 days of the date of the entry of judgment, order, or decree appealed from." Under Bankruptcy Rule 8001(a), an appeal can only be taken from a final judgment, order or decree. An order is final and therefore appealable only after it has been entered on the docket of the bankruptcy case. Bankruptcy Rules 5003(a) and 9021.

*In re Rozark Farms, Inc.,* 139 B.R. 463, 464 (E.D.Mo.1992); *see In re Atteberry,* No. 92–4370–SAC, 1993 WL 35104, 1993 U.S. Dist. LEXIS 1598 (January 22, 1993) (a judgment is not effective until it is entered on the docket as required by Bankruptcy Rule 5003). Therefore, AFS' notice of appeal was timely filed and Point Sporting Goods' motion to dismiss is without merit.

IT IS THEREFORE ORDERED that Point Sporting Goods' motion to dismiss appeal (Dk. 6) is denied.