# United States Bankruptcy Appellate Panel

## FOR THE EIGHTH CIRCUIT

---

No. 97-6002EA

---

| | |
|---|---|
| Carol Crockett, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * Bankruptcy Court for the |
| | * Eastern District of Arkansas |
| Mary M. Lineberger, | * |
| | * |
| Appellee. | * |

---

Submitted: February 24, 1997

Filed: March 7, 1997

---

Before KRESSEL, HILL, and SCHERMER, Bankruptcy Judges.

---

KRESSEL, Bankruptcy Judge.

I. Background

On October 16, 1996, Mary Lineberger filed a Motion for Relief from Stay in the United States Bankruptcy Court for the Eastern District of Arkansas. The Court[1] granted Lineberger's motion on December 13, 1996. On January 9, 1997, Crockett, acting pro se,

---

[1]The Honorable Mary Davies Scott, United States Bankruptcy Judge for the Eastern District of Arkansas.

filed a notice of appeal from the bankruptcy court's order.[2] Because the appeal appeared to be untimely, on February 4, 1997, we ordered the appellant to show cause why her appeal should not be dismissed for lack of subject matter jurisdiction.[3]  She filed a response on February 24, 1997.

II. Discussion

Rule 8002(a) requires the appellant to file a notice of appeal "within 10 days of the date of the entry of the judgment, order, or decree appealed from."  Crockett's appeal was untimely since she failed to file her notice of appeal within ten days of the entry of the December 13, 1996 order.  Rule 8002(a)'s ten-day time frame is both "mandatory and jurisdictional."  Carnahan, Carnahan & Hickle v. Rozark Farms, Inc. (In re Rozark Farms, Inc.), 139 B.R. 463, 465 (E.D. Mo. 1992).

Failure to comply with Rule 8002(a) "deprives the district court of jurisdiction to review" the bankruptcy court's order. Veltman v. Whetzal, 93 F.3d 517, 520 (8th Cir. 1996) (affirming district court's dismissal of bankruptcy appeal for lack of subject

---

[2]While the notice purported to appeal to the court of appeals, jurisdiction over appeals from a United States Bankruptcy Court is in this court or the appropriate district court.  28 U.S.C. § 158 (a) and (c).  Since neither party elected to have this appeal heard by the district court, only this court can have jurisdiction.

[3]Neither party raised the issue of this Court's subject matter jurisdiction.  However, this Court has an obligation to examine its jurisdiction sua sponte.  Friedman v. Melp, Ltd. (In re Melp, Ltd.), 79 F.3d 747, 747 (8th Cir. 1996); Lewis v. United States, 992 F.2d 767, 771 (8th Cir. 1993).

matter jurisdiction when appeal not timely filed under 8002(a));

Anderson v. Mouradick (In re Mouradick), 13 F.3d 326, 327 (9th Cir. 1994) (holding that "[t]he provisions of Bankruptcy Rule 8002 are jurisdictional . . . .").

The rule is the same for bankruptcy appellate panels. See Anderson, 13 F.3d at 327 (affirming the panel's dismissal of an untimely appeal since "the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order"); Atkins v. Fiberglass Representatives, Inc. (In re Atkins), 134 B.R. 936, 938 (B.A.P. 9th Cir. 1992) (holding that it lacked "jurisdiction to reconsider the merits underlying the [bankruptcy court's] order" when the debtor failed to comply with Rule 8002(a)).

III. Conclusion

Since the appellant failed to timely file her notice of appeal, we conclude that we lack subject matter jurisdiction over her appeal. We therefore dismiss Crockett's appeal.

A true copy.

    Attest:

        CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE
        EIGHTH CIRCUIT.

**4**