# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 97-6079

---

| | | |
|---|---|---|
| In re: Henry Brothers Partnership | * | |
| | * | |
| Debtor | * | |
| | * | |
| United States of America, | * | |
| | * | Appeal from the United States |
| Appellant, | * | Bankruptcy Court for the |
| | * | Eastern District of Missouri |
| v. | * | |
| | * | |
| Henry Brothers Partnership, | * | |
| | * | |
| Appellee. | * | |

---

Submitted: September 24, 1997

Filed: November 14, 1997

---

Before KRESSEL, SCOTT, and DREHER, Bankruptcy Judges

---

SCOTT, Bankruptcy Judge

The appellant United States of America untimely filed a Notice of Appeal such that we have no jurisdiction over the appeal. The procedural events leading to this appeal, although unusual, do not permit us to "decide cases beyond our reach." Faysound Limited v. Falcon Jet Corp., 940 F.2d 339, 345 (8th Cir. 1991), cert. denied, 502 U.S. 1096 (1992).

I

On August 4, 1997, the bankruptcy court held a hearing on the confirmation of the debtor's chapter 12 plan.[1]  At the conclusion of the hearing, the bankruptcy court overruled the appellant's objections to the debtor's plan, but the debtor was directed to file an amended chapter 12 plan to address other concerns of the bankruptcy court, and to circulate the plan to all parties in interest.  If no objections were filed, the amended plan would be confirmed.

On August 12, 1997, a proposed order confirming the plan was delivered by facsimile transmission to all interested parties.  Appellant responded to this facsimile and thereby participated in the drafting of the order. The proposed order in clear and unequivocal language required the debtor's counsel, rather than the clerk, to be responsible for its service. Appellant's counsel argues that never before in years of practice has he seen such language in a confirmation order.  Counsel for the appellant did not, however, file an objection to the form or content of the order. On August 14, 1997, the debtor mailed the final version of the proposed order to the bankruptcy court, also mailing a copy of the letter and proposed order to the appellant.  The appellant received a copy of this letter with the order on August 18, 1997.  Appellant's counsel, preparing to leave for a vacation, instructed his office to monitor his mail for the order because he intended to file an appeal of the order confirming the Chapter 12 plan.

On August 15, 1997, the bankruptcy judge received the proposed order and signed it. The bankruptcy court sent the order with instructions to mail a copy of the order confirming the plan, together with a copy of the plan, to all parties in interest within ten days of the date

---

[1]Although the case was filed under Chapter 12 of the Bankruptcy Code on March 18, 1996, the debtor did not file its chapter 12 plan until March 31, 1997, because the case had been converted to Chapter 7 on June 21, 1996.  It appears from the docket that the case was reconverted to Chapter 12 in April 1997.

of the order.[2]  Debtor received the order on August 18, 1997, but did not serve it until August 28, 1997, apparently three days after the deadline established by the bankruptcy court.  The order confirming the amended plan and overruling all objections was entered by the clerk on August 20, 1997.  Thus, although the bankruptcy court provided for service of a signed copy of the order, no order was served on any party which reflected an entry date.  See Fed. R. Bankr. Proc. 9022(a).

Because the order was entered on the docket on August 20, 1997, the Notice of Appeal was required to be filed on or before September 2, 1997.[3]  Fed. R. Bankr. Proc. 8002.  As described above, however, the clerk did not mail copies of the order or otherwise give notice of entry of the order to the parties, because the bankruptcy court had directed the debtor to serve copies of the order upon the parties.  The debtor served the order, i.e., placed it in the mail, on Thursday, August 28, 1997, eight days after its entry, and ten days after its receipt.  The appellant received the order on September 2, 1997, the last day to file the Notice of Appeal.  The Notice of Appeal was filed two days later, on September 4, 1997.

II

The importance of understanding the meaning and legal import of the terms "filed," "signed," and "entered" makes it incumbent upon us to define these terms.  The most significant date under the federal rules of procedure is generally the entry date because it is entry of a document or activity that triggers duties and time limitations.

A document is signed when a signature is affixed by the judge or clerk.  The date of signing has little, if any, meaning under either the Federal Rules of Bankruptcy Procedure

_____

[2]This procedure arguably permits a prevailing party to confound the appellate process as it severely limits the already short period of time for filing a notice of appeal.  Had the order been entered on the date it was signed, the debtor would not have been required to even mail a copy of this order until the last day to file an appeal of that order.

[3]The tenth day following entry of the Order fell on August 30, 1997, a Saturday.   The following Monday was a legal holiday.  Accordingly, the Notice was not required to be filed until Tuesday, September 2, 1997.  Fed. R. Bankr. Proc. 8002, 9006.

or the Federal Rules of Civil Procedure.  The signing of the order or judgment by the judge does not constitute an "entry" by the judge.  The entry occurs when it is noted on the docket and thereby becomes public.

A document is filed when it is delivered into the actual custody of the proper officer, a clerk, authorized deputy, or a judge. United States v. Lombardo, 241 U.S. 73, 36 S. Ct. 508, 60 L.Ed. 897 (1916); McIntosh v. Antonino, 71 F.3d 29 (1st Cir. 1995).  To be filed, the document must be delivered and received, not merely sent through the United States mail. Chrysler Motors Corp. v Schneiderman, 940 F.2d 911, 914 (3d Cir. 1991); see generally 10 King, Collier on Bankruptcy, ¶¶ 5001.01, 5005.05 (15th Rev. Ed. Supp. 1997).

A document is entered when the clerk makes the notation on the official public record, the docket, of the activity or submission of the particular document.[4] National Savings Bank of Albany v. Jefferson Bank, 127 F.R.D. 218 (S.D. Fla. 1989); In re Bunt, 165 B.R. 894, 895 n.3 (Bankr. E.D. Ark. 1994); see York State Higher Education Services Corp. v. Gilstrap (In re Gilstrap), 29 B.R. 368 (Bankr. S.D.N.Y. 1983).  The Federal Rules of Bankruptcy Procedure require the clerk to give notice of the entry of a judgment or order to the contesting parties. Fed. R. Bankr. P. 9022; accord Fed. R. Civ. P. 77.

The entry date is significant because it is from that date that time to file an appeal is calculated.  See Fed. R. Bankr. P. 8002(a).  Indeed, all federal rules of procedure require that

---

[4]This is sometimes referred to as "docketing" because this official notation is made upon the docket kept by the clerk.  See Fed. R. Bankr. Proc. 5003(a)("The clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case as prescribed by the Director of the Administrative Office of the United States Courts.  The entry of a judgment or order in a docket shall show the date the entry is made."); see also Fed. R. Civ. Proc. 79 ("All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number.  These entries shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process.  The entry of an order or judgment shall show the date the entry is made....").

the time for filing an appeal be calculated from the date of entry. See id.; Fed. R. App. P. 4, 5, 6; 28 U.S.C. §§ 1292(b), 2101, 2107; Sup. Ct. R. 13.

The date of entry is also important because that notation is the first public notice that an activity, order or judgment exists. Since the activity is then public, all parties are on notice of the particular record event. Based upon this public, record notice, parties have a duty to take whatever action is appropriate to preserve their rights. Indeed, the Federal Rules of Bankruptcy Procedure provide that a failure to receive notice from the clerk of this activity "does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." Fed. R. Bankr. Proc. 9022(a); accord Fed. R. Civ. Proc. 77(d).

III

Rule 8002(a), Federal Rules of Bankruptcy Procedure, requires a Notice of Appeal to be filed within ten days of entry of the order from which an appeal is taken.[5] Thus, in this case, the date from which the time to file an appeal is calculated is August 20, 1997. Dates reflecting when the judge signed the order, the debtor received the signed order, the debtor mailed the order, and the appellant received the order are irrelevant. Jurisdiction of the appeal is determined by the date the order was entered. In this case, even though the appellant received the order on the last day to file a Notice of Appeal, September 2, 1997, that notice was not filed until two days beyond the expiration of the time to appeal.[6]

---

[5]Rule 8002(c), which provides that the bankruptcy court may enlarge the time for filing a notice of appeal "for a period not to exceed 20 days from the expiration of the time otherwise prescribed," does not apply in this case because orders confirming a plan are excepted from the application of this rule. In any event, although Rule 8002(c) also permits an untimely request--one made after the time for filing the notice of appeal--upon a showing of excusable neglect, no such motion was filed in this case.

[6] The time for filing an appeal is not extended by three days, as is generally permitted when the time to perform an act is calculated from the date of service, as under Fed. R. Bankr. Proc. 9006(f). Rule 8002 states, without exception, that the appeal time starts to run from the entry of the order such that the Notice of Appeal must be filed on that tenth day without allowance for time in the U.S. mail. Mixon v. Anderson (In re Ozark Restaurant Equipment Co.), 761 F.2d 481, 483 n.1 (8th Cir. 1985).

Inasmuch as the appeal was untimely filed, we do not have jurisdiction over this appeal. See Veltman v. Whetzal, 93 F.3d 517 (8th Cir. 1996); Jacobson v. Nielsen, 932 F.2d 1272 (8th Cir. 1991)(per curiam); Crockett v. Lineberger, 205 B.R. 580 (BAP 8th Cir. 1997).

In support of jurisdiction, appellant argues that a tolling or "unique circumstances" doctrine should apply. Appellant admits, however, that no cases support the application of this doctrine under these facts. The exceptional circumstances doctrine is a very narrow doctrine which applies only upon the showing that (1) the party has performed an act, which, if properly done, would postpone the deadline for filing his appeal;[7] and (2) has received specific assurance by a judicial officer that the act has been properly done. Thompson v. Immigration and Naturalization Service, 375 U.S. 384 (1964); Faysound Limited v. Falcon Jet Corp., 940 F.2d 339, 344 (8th Cir. 1991)), cert. denied, 502 U.S. 1096 (1992). It is not sufficient for a party to rely upon actions of the judicial officer, or statements of a clerk. Rather, the second element is met only upon a showing of an affirmative representation by the judge that the appeal was timely filed. Osterneck v. Ernst & Whinney, 489 U.S. 169, 178 (1989); Moore v. South Carolina Labor Board, 100 F.3d 162 (D.C. Cir. 1996); Furst v. Furst (In re Furst), 206 B.R. 979, 981 (10th Cir. BAP 1997).

Appellant alleges no judicially sanctioned act or error. That is, appellant did not deliberately delay filing its appeal in reliance upon a judicial statement. Directing one party or the other to send the order to all other parties is not a judicial statement which would affect the time to file a notice of appeal under the rules. The appellant did not seek reconsideration or amendment of the order. Nor was any judicial or clerical statement ever made. Rather, the appellant, although it received the order on the last day to file an appeal, simply did not file the notice within the time period prescribed by the Federal Rules of Bankruptcy Procedure. Accordingly, the doctrine is inapplicable to the facts of this case.

---

[7]This generally refers to the filing of a post-judgment motion (i.e., a motion under Rule 7052, 9023, or 9024 if filed within ten days after entry of the judgment) which, if timely filed, extends the time for filing the notice of appeal of the final judgment, Fed. R. Bankr. Proc. 8002(b).

It is well settled that a party has an independent obligation to monitor developments in a case. Belfance v. Black River Petroleum, Inc. (In re Hess), 209 B.R. 79, 82-83 (6th Cir. BAP 1997); Key Bar Investments, Inc. v. Cahn (In re Cahn), 188 B.R. 627, 632 (9th Cir. BAP 1995). As indicated by Bankruptcy Rule 9022 and Federal Rule of Civil Procedure 77, parties are not permitted to rely on the clerk's office to "do their homework for them." Witty v. Dukakis, 3 F.3d 517, 520 (1st Cir. 1993). The duty to monitor may require a party to contact the clerk or personally review the docket to determine whether an order has been entered.[8] See Delaney v. Alexander (In re Delaney), 29 F.3d 516, 518 (9th Cir. 1994)(Alexander also argues that...she was misled by the December 7, 1992 date on the order..... Alexander, however, failed to check the docket to determine the date of entry."). Where, as here, appellant knew the precise nature of the court's ruling, received a copy of the order being transmitted to the judge, and intended to appeal the final order, it was incumbent upon appellant to perform such a monitoring function. Cf. Shareholders v. Sound Radio, Inc., 109 F.3d 873 (3d Cir. 1997)(no jurisdiction over appeal although copy not sent and counsel contacted clerk to obtain copy of order); Pyramid Energy, Ltd. v. Duquoin National Bank (In re Pyramid Energy, Ltd.), 165 B.R. 249 (S.D. Ill. 1994)(court announced oral ruling over a month before order entered). This duty is particularly obvious in a jurisdiction where the court relies upon a prevailing party to serve copies of final orders upon parties to the litigation.

We are unaware of any authority to support appellant's request that we remand the case with instructions to vacate the August 20, 1997, order and re-enter it in order that an appeal may be taken. While, in the abstract, equity might support such an action, the rules do not permit such an action. Cf. Faysound Limited, 940 F.2d 339, 344 (8th Cir. 1991)(denying request to deem order entered as of date appellant became aware of the order). Although, under Rule 9022, Federal Rules of Bankruptcy Procedure, the clerk is under a duty to serve notice of entry of orders upon the parties, that rule also provides that the failure to receive notice of the order "does not affect the time to appeal or relieve or authorize the court

---

[8]In fact, under the bankruptcy court's procedure, where an un-entered copy of the order was to be served on the parties, appellant was required to contact the clerk to ascertain the entry date and thereby ascertain the last date for filing an appeal.

to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." Fed. R. Bankr. Proc. 9022(a); accord Fed. R. Civ. Proc. 77. Neither the failure of the clerk to send nor of counsel to receive notice of the order is material. Faysound, 940 F.2d at 344. Indeed, the doctrine of exceptional circumstances does not even apply to a clerk's failure to notify counsel of the entry of final judgment. Alaska Limestone Corporation v. Hodel, 799 F.2d 1409, 1412 (9th Cir. 1986).

IV

The existence of a timely filed notice of appeal is required for an appellate court to obtain jurisdiction. Since the Notice of Appeal was untimely, we are without jurisdiction such that the appeal is dismissed. See Vogelsang v. Patterson Dental Co., 904 F.2d 427, 429 (8th Cir. 1990)("[I]t is well-established that this time limit is mandatory and jurisdictional, id., and if notice is not filed in a timely fashion, an appellate court is without authority to exercise its jurisdiction.").

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT

8