In re James D. LUEDTKE, Debtor.

James D. LUEDTKE, Debtor—Appellant,

v.

NATIONSBANC MORTGAGE CORPORATION, Creditor— Appellee.

BAP No. 97–6095MN.

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Submitted Dec. 5, 1997.

Decided Dec. 12, 1997.

James D. Luedtke, St. Paul, MN, pro se.

Brett A. Perry, Brooklyn Park, MN, for Appellee.

Before KOGER, SCHERMER, and WILLIAM A. HILL, Bankruptcy Judges

PER CURIAM.

On October 31, 1997, the Bankruptcy Court for the District of Minnesota[1] entered an order granting Nationsbanc Mortgage Corporation's Motion for Relief from the Automatic Stay in James D. Luedtke's bankruptcy case. On November 20, 1997, Luedtke, acting pro se, filed a notice of appeal from the bankruptcy court's order. Because the notice of appeal was untimely, Luedtke's appeal must be dismissed for lack of subject matter jurisdiction.

Rule 8002(a) requires the appellant to file a notice of appeal "within 10 days of the date of the entry of the judgment, order, or decree appealed from." *See Crockett v. Lineberger*, 205 B.R. 580, 581 (8th Cir. BAP 1997). Since the relevant order was entered on October 31, Luedtke's November 20 notice of appeal was unquestionably out of time.

We recently addressed the issue of untimely appeals in two cases: *Crockett v. Lineberger*, 205 B.R. 580, and *United States v. Henry Bros. Partnership (In re Henry Bros. Partnership)*, 214 B.R. 192 (8th Cir. BAP 1997). We are bound by our previous decisions, just as the Court of Appeals for the Eighth Circuit is bound by its prior decisions. *See Foss v. U.S.*, 865 F.2d 178, 180 (8th Cir.1989) (one panel of the Eighth Circuit Court of Appeals cannot reverse another panel; such action requires an en banc decision); *Brown v. First Nat'l Bank in Lenox*, 844 F.2d 580, 581 (8th Cir.1988) (same); *Federal Deposit Ins. Corp. v. Bowles Livestock Comm'n Co.*, 937 F.2d 1350, 1354 (8th Cir. 1991) (same); *see also Life Ins. Co. of Virginia v. Barakat (In re Barakat)*, 173 B.R. 672, 677 (Bankr.C.D.Cal.1994) (discussing the doctrine of *stare decisis* as it relates to Bankruptcy Appellate Panel, District Court, and Circuit Court opinions).

As we stated in *Crockett*, "Rule 8002(a)'s ten-day time frame is both 'manda-

tory and jurisdictional.'" 205 B.R. at 581 (*quoting Carnahan, Carnahan & Hickle v. Rozark Farms, Inc. (In re Rozark Farms, Inc.)*, 139 B.R. 463, 465 (E.D.Mo.1992)). "Failure to comply with Rule 8002(a) 'deprives the district court of jurisdiction to review the bankruptcy court's order.'" *Id.* (*quoting Veltman v. Whetzal*, 93 F.3d 517, 520 (8th Cir.1996)). The rule is the same for bankruptcy appellate panels. *Id.* Finally, we see no exceptional circumstances which would warrant tolling the appeal time. *See In re Henry Bros. Partnership*, 214 B.R. at 195–96.

As a result, because Luedtke's notice of appeal was untimely, and because he did not request an extension of time for filing the notice of appeal from the bankruptcy court under Rule 8002(c),[2] we lack subject matter jurisdiction over his appeal. Consequently, Luedtke's appeal is dismissed. *Accord In re Henry Bros. Partnership*, 214 B.R. at 197; *Crockett*, 205 B.R. at 581.

---

1. The Honorable Gregory F. Kishel, United States Bankruptcy Judge for the District of Minnesota.

2. Rule 8002(c) permits the bankruptcy court to enlarge the time for filing a notice of appeal "for a period not to exceed 20 days from the expira-

tion of the time otherwise prescribed," and permits an untimely request (one made after the time for filing the notice of appeal) upon a showing of excusable neglect, but no such motion was filed in this case.