# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

―――――――――

No. 98-6048MN

―――――――――

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| JOSEPH HUNTER DREVLOW, and | * | |
| JODI RENAE DREVLOW | * | |
| | * | |
| Debtors. | * | |
| | * | |
| FHC ENTERPRISES, INC., | * | APPEAL FROM THE UNITED |
| | * | STATES BANKRUPTCY COURT |
| Appellant, | * | FOR THE DISTRICT OF |
| | * | MINNESOTA |
| v. | * | |
| | * | |
| JOSEPH HUNTER DREVLOW | * | |
| | * | |
| Appellee. | * | |

―――――――――

Submitted: June 8, 1998
Filed: June 16, 1998

―――――――――

Before KOGER, Chief Judge, SCHERMER and SCOTT, Bankruptcy Judges

PER CURIAM

The question before this court is the timeliness of an appeal where the appellant timely paid the filing fee for appeal but failed to file a written notice within the ten-day period required by Rule 8002(a).

On May 11, 1998, the bankruptcy court[1] dismissed an adversary complaint filed by FHC Enterprises, Inc. ("FHC") against Joseph Drevlow. On that same date, the court also entered an order allowing FHC's attorney to withdraw as counsel in the case. Thereafter, on May 21, 1998, FHC, through Mr. Lowell Austinson, as an officer, director, or representative of the corporation, paid the filing fee of $105.00 to appeal the order of dismissal. The corporation did not, however, file any pleading or notice of appeal until June 1, 1998. The minute entries in the record of this case indicate an entry for May 21, 1998 as follows:

> LOWELL AUSTINSON, REPRESENTING PLAINTIFF, FILED AN APPEAL BY PRESENTING A CHECK FOR $105.00. NO NOTICE OF APPEAL OR OTHER PAPERS WERE FILED. LETTER SENT TO MR. AUSTINSON STATING THAT NOTICE OF APPEAL IS NECESSARY.

Bankruptcy Rule 8001(a) provides that "[a]n appeal . . . shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002." Rule 8002 requires the appellant to file a notice of appeal "within 10 days of the date of the entry of the judgment, order, or decree appealed from." Rule 8001(a) further states in relevant part:

> An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal. The notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee. Each appellant shall file a sufficient number of copies of the notice of appeal to enable the clerk to comply promptly with Rule 8004.

Rule 8001 is exceptionally clear. While failure to take any step other than filing a timely notice of appeal does not render the appeal invalid, the timely filing of a notice of appeal is both "mandatory and jurisdictional." Luedtke v. Nationsbanc Mortgage Corp., 215 B.R. 390, 391 (8th Cir. B.A.P. 1997); Crockett v. Lineberger, 205 B.R. 580, 581 (8th Cir. B.A.P. 1997) (quoting Carnahan, Carnahan & Hickle v. Rozark Farms, Inc. (In re Rozark

---

[1] The Honorable Dennis D. O'Brien, Chief Judge, United States Bankruptcy Court for the District of Minnesota.

Farms, Inc.), 139 B.R. 463, 465 (E.D. Mo. 1992). Without a timely filed notice of appeal, this court lacks jurisdiction over the appeal. See Veltman v. Whetzal, 93 F.3d 517 (8th Cir. 1996); Jacobson v. Nielsen, 932 F.2d 1272 (8th Cir. 1991)(per curiam) *cited for application to bankruptcy appellate panels in,* Luedtke, 215 B.R. at 391; United States v. Henry Bros. Partnership, 214 B.R. 192, 196 (8th Cir. B.A.P. 1997); Crockett, 205 B.R. at 581.

A notice of appeal is "filed" when it is delivered into the actual custody of the proper officer, a clerk, authorized deputy, or a judge. Henry Bros., 214 B.R. at 195 (citing United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508 (1916); McIntosh v. Antonino, 71 F.3d 29 (1st Cir. 1995). Without a document, there can be no filing. Only from the filing of a notice of appeal can the court and parties determine precisely what order the appellant challenges, and from what date the appeal process begins. Rule 8004 requires the clerk to promptly mail a copy of the notice of appeal to all parties to the judgment, and without a writing, the court cannot perform this function. Accordingly, the appeal is dismissed.

The court also reaches this result on alternative grounds. The record reflects that FHC, as a corporate entity, attempted to prosecute this appeal pro-se after its attorney was permitted to withdraw. As a representative of the corporation, Mr. Austinson paid the filing fee and later filed a letter as the corporation's notice of appeal. Because this appeal arises from the bankruptcy court in Minnesota, we look to Minnesota law for rules regulating the practice of law in courts located in the state of Minnesota. Under Minnesota common law, a corporation must be represented by a licensed attorney when appearing in court, regardless of whether the person seeking to represent the corporation is a director, officer or shareholder. Nicollet Restoration, Inc. v. Turnham, 486 N.W.2d 753, 754-55 (Minn. 1992). Minnesota courts have also adopted the position that actions taken in legal proceedings by non-attorneys are a nullity, and "if appropriate and timely steps are taken, the suit may be dismissed, the judgment reversed, or the actions of the non-attorney disregarded." Gonsior v. Alternative Staffing, Inc., 390 N.W.2d 801, 805 (Minn. Ct. App. 1986) (citing McKenzie v. Burris, 255 Ark. 330, 500 S.W.2d 357, 360 (1973).

3

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE
EIGHTH CIRCUIT