# United States Bankruptcy Appellate Panel
### FOR THE EIGHTH CIRCUIT

———

No. 98-6049WM

———

| | |
|---|---|
| In re: | * |
| | * |
| Marvin Randolph Scott, | * |
| | * |
|     Debtor. | * |
| | * |
| Marvin Randolph Scott, | * |
| | * |
|     Appellant, | * |
| | *  Appeal from the United States |
| v. | *  Bankruptcy Court for the |
| | *  Western District of Missouri. |
| Missouri Department of Revenue, | * |
| | *  [UNPUBLISHED] |
|     Appellee. | * |

———

Submitted: June 22, 1998
Filed: June 23, 1998

———

Before KRESSEL, SCHERMER, and SCOTT, Bankruptcy Judges.

———

KRESSEL, Bankruptcy Judge.

## BACKGROUND

This case is before the court on the appeal of the debtor of the bankruptcy court's[1]
order denying his request for relief from an order. On March 20, 1998, the bankruptcy court

---

[1] The Honorable Arthur B. Federman, United States Bankruptcy Judge for the Western
District of Missouri.

entered an order, dated that same date, which directed the debtor to file all of his overdue tax returns within forty-five days of the date of the order.  After conversion of the debtor's case from chapter 13 to chapter 7, the debtor requested the bankruptcy court to give him some sort of relief from that order, claiming that the order was moot.

In an order dated May 15, 1998, and entered May 18, 1998, the bankruptcy court denied the debtor's request.  On June 5, 1998, the clerk received a Western Union telegram purporting to appeal the bankruptcy court's order.  The $105.00 filing fee was not paid and the bankruptcy court entered an order on June 8, 1998, giving the debtor ten days to pay the filing fee.

## DISCUSSION

A notice of appeal must be filed within ten days of the date of the entry of the order. Fed. R. Bankr. P. 8002(a).  In this case, the last day to timely file a notice of appeal was May 28, 1998, and the debtor's notice of appeal was obviously late.  In the absence of a timely notice of appeal, this court lacks jurisdiction over the appeal.  Crockett v. Lineberger, 205 B.R. 580 (B.A.P. 8th Cir. 1997).

## CONCLUSION

Because we lack jurisdiction, this appeal is dismissed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT.