# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 00-6057WM

———

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Robert Paul Smith, dba The Signsmith Co., | * | |
| and Lisa Marie Smith | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Robert Paul Smith | * | Appeal from the United |
| Lisa Marie Smith | * | States Bankruptcy Court for |
| | * | the Western District of Missouri |
| Debtors-Appellants | * | |
| | * | UNPUBLISHED |
| v. | * | |
| | * | |
| Mercantile Bank of Missouri Valley | * | |
| | * | |
| Creditor-Appellee | * | |

———

Submitted:  May 18, 2000
Filed: June 5, 2000

———

PER CURIAM.

On October 26, 1999, the Bankruptcy Court[1] entered an order granting relief from the automatic stay to Mercantile Bank of Missouri Valley.  On December 2, 1999, the Debtors, acting pro se,[2] filed a

---

[1] The Honorable Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.

[2] Although the Debtors have acted pro se throughout the relevant proceedings, such status does not excuse them from complying with court orders or substantive and procedural law.  Farnsworth v. City of Kansas City, 863 F.2d 33, 34 (8th Cir. 1988); Bergman v. Webb (In re Webb), 212 B.R. 320, 321 (B.A.P. 8th Cir. 1997).

document entitled "Appeal for Hearing Concerning Special Appearance/Jurisdiction and Declaratory Relief" ("Appeal for Hearing"). The bankruptcy court denied the requested relief on December 21, 1999.

On May 10, 2000, the Debtors filed a document entitled "Appeal for Judicial Panel Review of: Order Granting Mercantile Bank the Lifting of Automatic Stay said Order Being Based on Error by Claimants Attorney, Trustee John Lewis, Jr., Judge Jerry Venters and Clerks of the Court" ("Appeal for Judicial Panel Review"). The bankruptcy court construed this pleading to be in the nature of a notice of appeal of the order granting relief to Mercantile Bank and a motion for stay pending appeal. It directed the Clerk of the Court to so docket the document. The Court delayed ruling on the motion for stay pending appeal for 10 days to allow the parties to submit suggestions with respect to the fixing of a supersedeas bond.

Federal Rule of Bankruptcy Procedure 8002(a) requires the appellant to file a notice of appeal "within 10 days of the date of the entry of the judgment, order, or decree appealed from." See Luedtke v. Nationsbanc Mortgage Corp. (In re Luedtke), 215 B.R. 390, 391 (B.A.P. 8th Cir. 1997). Rule 8002(a)'s ten-day time frame is both mandatory and jurisdictional. Luedtke, 215 B.R. at 391 (citing Crockett v. Lineberger, 205 B.R 580, 581 (B.A.P. 8th Cir. 1997)); see also Hill v. St. Louis Univ., 123 F.3d 1114, 1120 (8th Cir. 1997) (applying Fed. R. App. P. 4(a)). Failure to comply with the ten-day time limit deprives the Bankruptcy Appellate Panel of jurisdiction. Luedtke, 215 B.R. at 391.

The order granting relief to Mercantile Bank was entered on October 26, 1999. Therefore, a timely notice of appeal was required on or before November 5, 1999. The Debtors' Appeal for Judicial Panel Review, filed on May 10, 2000, was unquestionably late. Even if the Appeal for Judicial Panel Review could be construed as an appeal of the court's December 21, 1999, order denying the Debtors' Appeal for Hearing, the notice of appeal is still undeniably late. Such order required a notice of appeal to be filed on or before January 3, 2000. Because the Debtors failed to file their notice of appeal within 10 days of either order, we lack subject matter jurisdiction over this appeal.

Based on the foregoing, the Debtors' appeal is DISMISSED.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT