# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-4078

_____

In re: Delta Engineering International,   *
Inc.   *
  *
           Debtor.   *
  *
-------------------------------------------   *
  *
Archie Hamilton; Debra Horning;   *
John Bland; Douglas Swanson; John   *
Thill; Thomas Ernst; Bonnie Amundson;*
Shirley McDonough; Harland Hess;   *
Mike Joosten; Pamela Humpreys;   *
Daniel Swanson; Jeff Ryhn; Brian   *
Stine; Donald Lenz; Lester Johnson;   *
Mark Schaut; Richard Mann; Mark   *   Appeal from the United States
Anderson; Larisa Yeroshevskaya;   *   Bankruptcy Appellate Panel
Lori Braun; Christine Longwell;   *   for the Eighth Circuit
Mark Vincent Zimmerman; Carl   *
Woodington; Tim Lauro,   *
  *
           Appellants,   *
  *
      v.   *
  *
Lake Elmo Bank; Lyon Financial   *
Services, Inc., also known as   *
Spectrum Commercial Services;   *
Clinton Cutler; Delta Engineering   *
International; John Docken,   *
  *
           Appellees.   *

_____

Submitted:  October 19, 2001

Filed:  November 2, 2001
_____

Before McMILLIAN, BEAM and MURPHY, Circuit Judges.
_____

McMILLIAN, Circuit Judge.

A group of employees and subcontractors ("appellants") of Delta Engineering International, Inc., ("DEI"), a Chapter 7 debtor in bankruptcy, appeals from a final order entered by the clerk of the court at the direction of the Bankruptcy Appellate Panel ("BAP") for the Eighth Circuit, dismissing their appeal from a final order of the bankruptcy court[1] in an adversary proceeding they brought against Lake Elmo Bank, Spectrum Commercial Services, Clinton Cutler, and John Docken.[2]  In re: Delta Eng'g Int'l, Inc. (Hamilton v. Lake Elmo Bank), No. 00-6109 (B.A.P. 8th Cir. Nov. 20, 2000) ("BAP order").  For reversal, appellants argue that (1) the BAP erred in holding that it lacked jurisdiction to consider the appeal because the notice of appeal was untimely filed and (2) Rule 8002(a) of the Bankruptcy Rules, limiting the time for filing a notice of appeal to ten days, is unconstitutional under the due process clause of the Fourteenth Amendment.  For the reasons stated below, we affirm the order of the BAP.

---

[1]The Honorable Gregory F. Kishel, United States Bankruptcy Judge for the District of Minnesota.

[2]In re: Delta Engineering Int'l, Inc. (Hamilton v. Lake Elmo Bank), No. 97-34671 (Bankr. D. Minn. Nov. 20, 2000).

Jurisdiction in the BAP was proper based upon 28 U.S.C. § 158(b), (c). Jurisdiction in this court is proper based upon 28 U.S.C. § 158(d).

In the present case, it is undisputed that the bankruptcy court entered its final order on September 15, 2000. On October 16, 2000, appellants personally served a notice of appeal on the bankruptcy court. See Brief for Appellants at 10. Included in the notice of appeal was a "Motion for Leave to File Notice of Appeal Out of Time." In that motion, appellants asserted that the untimeliness of their filing should be excused because, "where the time to file a notice of appeal in every other forum with which plaintiffs' attorney is familiar is 30 or more days, plaintiffs' attorney must be excused for never thinking that a decision as to whether or not to appeal had to be made within such an unreasonably short period of time." See id. at 10-11 (quoting motion).

By order dated November 13, 2000, the bankruptcy court, for reasons that are irrelevant to the present appeal,[3] denied appellants' motion for leave to file the notice of appeal out of time. The BAP order was entered shortly thereafter. The BAP order explains that the appeal is dismissed for lack of jurisdiction because appellants failed to timely file their notice of appeal. BAP order at 1 (citing Luedtke v. Nationsbanc Mortgage Corp., 215 B.R. 390 (B.A.P. 8th Cir. 1997), and FHC Enterprises, Inc. v. Drevlow, 221 B.R. 767 (B.A.P. 8th Cir. 1998)).

Upon review of the record and the parties' arguments in the present appeal, we hold that the BAP did not err in dismissing for lack of jurisdiction appellants' untimely appeal from the bankruptcy court's order of September 15, 2000. Title 28 U.S.C. § 158(c)(2) provides that "[a]n appeal under [28 U.S.C. § 158(a) or (b)] shall be taken in the same manner as appeals in civil proceedings generally are taken to the

---

[3]The reasons for the denial of the motion are irrelevant because appellants did not appeal the bankruptcy court's order of November 13, 2000.

courts of appeals from the district courts and *in the time provided by Rule 8002 of the Bankruptcy Rules.*" (Emphasis added.) Rule 8002(a) provides: "The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."

Moreover, appellants cite no authority for the proposition that the ten-day filing requirement in Rule 8002(a) violates the due process clause of the Fourteenth Amendment, and we are not aware of any.

The order of the BAP is affirmed. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-